```
                                                    FILED IN THE
                                                  U.S. DISTRICT COURT
                                            EASTERN DISTRICT OF WASHINGTON

                                                   Jul 22, 2019
```
        UNITED STATES DISTRICT COURT       SEAN F. McAVOY, CLERK
        EASTERN DISTRICT OF WASHINGTON

DOUGLAS ARBOGAST,                    No.   4:19-cv-05067-SMJ

                    Petitioner,      **ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION**

        v.

STATE OF WASHINGTON,

                    Respondent.

Before the Court, without oral argument, is Petitioner Douglas Arbogast's Letter of Reconsideration, ECF No. 7, construed as a motion for reconsideration. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

By order filed July 1, 2019, the Court summarily dismissed Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. ECF No. 5. Petitioner had not named a proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). He also conceded he had not fully exhausted his state court remedies before filing his petition. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION **-** 1

In his construed motion for reconsideration, Petitioner contends that, because a habeas corpus petition is an "original action" and not an appeal or a "mechanism requesting the review of [his] judgment of conviction," he is not required to exhaust his state court remedies. ECF No. 7 at 1. The Court is statutorily prohibited from considering any federal habeas corpus claims that have not been presented and exhausted in state courts. *See* 28 U.S.C. § 2254(b)(1). Furthermore, federal law clearly recognizes the jurisdiction of state courts to adjudicate federal constitutional issues, providing for federal habeas corpus relief when a state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner reasserts his contention that his conviction and sentence are invalid because he was not charged by an indictment of a grand jury in violation of the Fifth Amendment. ECF No. 7 at 4. This contention is meritless. There is no federal constitutional violation when a prosecuting attorney's criminal information is substituted for a grand jury's indictment. *See Hurtado v. California*, 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information).

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION **-** 2

judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Here, Petitioner has not presented newly discovered evidence. He has not shown that the Court committed clear error or that the dismissal order was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's construed motion for reconsideration, **ECF No. 7**, is **DENIED**.

2. Petitioner's Motion to Substitute Respondent, **ECF No. 8**, is **DENIED AS MOOT**.

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Petitioner. The file shall remain closed. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**DATED** this 22nd day of July 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION **-** 4